MAIN v. DEARING.

Opinion delivered January 7, 1905.

SALE—IMPLIED WARRANTY OF SALABILITY.—Notwithstanding a contract for the sale of manufactured goods stipulated that any article failing to wear satisfactorily would be duplicated free if returned within five years, and that such articles might be exchanged for new goods within twelve months from date of invoice, and that the purchaser waived all right to claim failure of consideration, or that the goods were not like sample or not according to order, unless he had exhausted the terms of warranty and exchange, it was a good defense, in a suit for purchase money, that the articles were not merchantable and had been returned.

Appeal from Washington Circuit Court.

JOHN N. TILLMAN, Judge.

Affirmed.

STATEMENT BY THE COURT.

W. F. Main & Company, who claimed to be "manufacturing jewelers," and to have the "largest jewelry factory in the world," sold to Dearing & Wallace, merchants, at Prairie Grove, Ark., a varied assortment of jewelry. The contract contained an invoice thereof, stating what each article was and its price. The bill aggregated $180. Aside from a "profit guaranty," which does not enter into this case, the contract contained a "warranty and exchange obligation," which reads as follows:

"Warranty and exchange obligation: Any jewelry in this assortment failing to wear satisfactory will be duplicated free of charge if returned to us within five years. Jewelry can be exchanged for new jewelry in plated, filled or solid gold any time within twelve months from date of invoice. The purchaser hereby waives all right to claim failure of consideration, or that goods are not like sample, or not according to order; unless he has exhausted the terms of warranty and exchange."

After the goods were received, examined, some sold, all of which was returned as worthless, Dearing & Wallace sent them back to appellants, who did not take them out of the express office.

Main & Company sued Dearing & Wallace for the contract price. The plaintiffs proved the shipment and contract, and this as to the value: "Reasonable value of jewelry is $180, and especially is this true under the agreements of the contract providing for warranty and exchange and for profit guaranty, all of which is plainly printed in contract."

The defendants testified that the jewelry was not of the character they bought; all they sold was returned as brassy and worthless. The entire lot was cheap, brassy goods and worthless. They wrote the plaintiff they would not handle it, and, getting no reply, returned it to them.

Other witnesses testified it was worthless. Dearing & Wallace did not ask for exchange under the terms of the contract, nor did Main & Company offer it. The court instructed the jury, in substance, that if the goods were worthless and valueless, and not of the kind described in the contract, the defendants were authorized to terminate it, and ship the goods back, and not be liable for the price. The jury returned a verdict for the defendants, and the plaintiffs appealed.

*Nathan B. Williams,* for appellant.

When a drummer induces a merchant to sign a printed or written contract, the law presumes that such contract is the final result of their agreement, and parol testimony will not be heard to vary, change or alter it. 5 Ark. 672; 15 *Id.* 543; 30 *Id.* 186; 145 U. S. 306; 109 *Id.* 673; Greenleaf, Ev. § 375 (15th Ed.); 71 Tex. 739; 124 N. Y. 671. As the parties have made the writing the only visible expression of their meaning, no other words will be added or substituted in its stead. 1 Greenleaf, Ev. § 277; 81 N. Y. 254; 3 Hill, 171; 58 N. Y. 409. The instrument must stand on its own terms (24 S. C. Sup. Ct. Rep. 128); it being the best and only evidence. 25 Ark. 191; 67 Pa. 128; 6 Cent. Rep. 563. All preliminary negotiations are merged. 29 Ark. 544; 35 *Id.* 156; 56 Barb. 218; 6 L. R. A. 33; 75 U. S., 8 Wall. 489. No

fraud was shown; the law requires vigilance and due caution. 7 Ark. 167; 38 Ark. 334.

*Walker & Walker,* for appellees.

HILL, C. J., (after stating the facts.)    Appellants claim that there is no fraud proved to vitiate the contract, and by its terms the appellees were required to exhaust the exchanging · process therein provided for before they could defend a suit for failure of consideration.    It is thus written in the contract, but there is also written into the contract, in still bolder letters, the law. Ordinarily, the law implies no warranty of quality, leaving that a matter of contract between parties, but there is an exception to this rule as thoroughly recognized as the rule itself.    When a manufacturer offers his goods for sale, where the opportunity of inspection is not present before the purchase, the vendee necessarily relies on his knowledge of his own manufacture.    In such cases the law implies a warranty that the articles shall be merchantable and reasonably fit for the purpose for which it was intended.    *Curtis* v. *Williams,* 48 Ark. 325; *Weed* v. *Dyer,* 53 Ark. 155; *Bunch* v. *Weil,* 72 Ark. 343, 80 S. W. Rep. 582.

Mr. Benjamin thus amplifies this statement of the rule:    "He cannot, without any warranty, insist that it shall be of any particular quality or fineness, but the intention of both parties must be taken to be that it shall be *salable in the market* under the denomination mentioned in contract.    The purchaser cannot be supposed to buy goods to lay them on a dunghill."    Benjamin on Sales, § 656.

The jury having found to be true the testimony that these goods were worthless, then this implied warranty, which the law wrote into this contract, overrides all other terms of it.

There is no error in the judgment, and it is affirmed.