TEMPLETON v. EQUITABLE MANUFACTURING COMPANY.

Opinion delivered July 2, 1906.

1. SALE—DELIVERY TO CARRIER—RESCISSON.—Where an order for a bill of goods directed the vendor to deliver the goods to a carrier either at a distributing point or at the factory point of the vendor, and the goods were so delivered at the factory point in due course of business and in apt time to a railroad company properly consigned

to the vendee, the title passed to the vendee, and subsequent delay of the carrier in transporting the goods or a portion thereof afforded no cause for rescission of the contract. (Page 458.)

2. SAME—EFFECT OF NONDELIVERY OF BILL OF LADING.—Where goods sold were sent by railroad consigned to the vendees, and the bill of lading was not negotiated, the title passed to the vendees on delivery to the carrier, even though the bill of lading was not sent to the vendees. (Page 459.)

Appeal from Lonoke Circuit Court; George M. Chapline, Judge; affirmed.

·F. T. Vaughan, for appellants.

1. The contract, when construed in the light of the testimony, including the letters of appellee, was intended to be executory. Appellants had the right, in season, to return the jewelry and rescind the contract by putting the appellee in statu quo. 4 Ark. 467; 5 Ark. 395; 25 Ark. 196. Delivery of the show case ·was an essential inducement to the order, and failure to deliver it, or unreasonable delay therein, authorized appellants to rescind. 35 Ark. 483, 489; 24 Am. & Eng. Enc. Law, 1073; Ib. 1077-8-9; 121 U. S. 255; 73 Ark. 584.

2. To constitute delivery to the vendee by delivery to a common carrier, the carrier must be one selected by the vendee, and delivery to it made in pursuance to specific directions on the part of the vendee. If the vendor selects the carrier, it is his agent and not that of the vendee. 24 Am. & Eng. Enc. Law, 1071; 27 N. Y. App. Div. 22; 3 Johns. (N. Y.), 534; 44 Ark. 556. See also Benj. Sales (7 Ed.), 958 et seq.

Boyd & Kerby, for appellee.

Shipping directions were given by appellants. The place of delivery is the place of sale. Upon consignment of the goods and delivery to the common carrier, title vested in the consignee. 38 Ark. 615; 44 Ark. 556; 43 Ark. 353; 51 Ark. 133; 23 Ark. 244; 62 Ark. 592.

HILL, C. J. The appellee is engaged in the jewelry business, · and appellants, Templeton & Adams, are merchants at Kerr, in Lonoke County. Their freight station is the town of Lonoke. The appellee's place of business is Iowa City, Ia., and its factory is at Alliance, Ohio. Appellee sold appellants a lot of jewelry, and a written contract was entered into between them. One

clause is as follows: "On your approval of this order please deliver to us at your earliest convenience f. o. b. transportation companies, either at the distributing point or at the factory point, the above assortment of goods on the terms and conditions herein set forth and no other." The "above assortment of goods" began with: "1 revolving show case free with the order." The show case was shown to be a material part of the contract and an inducing element. The goods, except the show case, were duly received at Lonoke, but appellants would not take them until the show case came. The uncontradicted evidence is that the show case was promptly delivered to a railroad company at Alliance, Ohio, the factory point; a bill of lading was issued to the appellee showing the show case was consigned to the appellants at Lonoke. This bill of lading was not sent to appellants. After waiting more than a reasonable time for the show case to reach them after the other goods arrived, the appellants had the jewelry shipped back. Later the show case came, and appellants would not receive it. Appellee did not accept the returned goods, and say they are held subject to appellants' orders, presumably by the express company, as they were returned by express, charges prepaid.

The appellee sued for contract price of the jewelry, $150, and recovered judgment, and appellants bring the case here.

It is seen from the foregoing statement that the only point in the case is whether the delivery of the show case to the railroad company at Alliance, Ohio, was a delivery to Templeton & Adams. If it was a delivery to them, then appellee had a right to stand on its contract, and refuse to accept the goods tendered back in rescission of the contract. If it was not a good delivery, then Templeton & Adams were within their rights in rescinding the contract after waiting a reasonable length of time to receive the show case, a material part of the goods to be furnished under it.

If a vendor undertakes to make delivery to a distant place, the carrier becomes the agent of the vendor, and the property will not pass until actual delivery; if the goods are to be delivered to a carrier specially designated by the vendee, the carrier becomes the agent of the vendee, and delivery to it is delivery to the vendee; if the contract is silent as to the mode of delivery, then a delivery by the vendor to a common carrier in the usual

and ordinary course of business constitutes delivery to the vendee; where no carrier is specified, and a choice is open to the shipper, the selection of any one in good faith in the due course of business is sufficient. The effect of the delivery in proper manner to the carrier is to transfer the title and to fix the time and place when the title passes. Mechem on Sales, § § 736, 739. This subject has recently been considered by this court in *Gottlieb* v. *Rinaldo,* 78 Ark. 123, and *Garner* v. *St. Louis, I. M. & S. Ry. Co., ante,* page 353. This contract specified that the delivery to appellants was to be to a transportation company at appellee's distributing or factory point. The undisputed evidence is that it was delivered at the factory point in the due course of business in apt time to a railroad company properly consigned to appellants pursuant to the direction in the contract. Therefore it follows that the delay in actually receiving the show case at Lonoke was the delay of the agent of Templeton & Adams, the railroad company; and consequently afforded no cause of rescission against the vendor. Templeton & Adams could have contracted for delivery at Lonoke, and it is probable, judging from their conduct, that they so understood their contract; but it is not so written. Unfortunately for them, they contracted that this delivery should be made to them free on board the transportation companies, either at the distributing point or at the factory point; and that was done, and the default was the default of the railroad after the title of the show case passed to them.

It is said that appellee did not send appellants the bill of lading, and therefore the title did not pass. The bill of lading should have been sent, but it was not, and Templeton & Adams made no demand for it. It was settled in *Nebraska Meal Mills* v. *St. Louis S. W. Ry. Co.,* 64 Ark. 169, that a carrier is justified in delivering to the consignee pursuant to the shipping directions in the bill of lading, even though the bill of lading is in fact attached to a draft sent for collection, if the latter fact is not known to the carrier. Under the bill of lading in this case the carrier would have been justified in delivering to Templeton & Adams without forwarding the bill of lading. In other words, the failure to send the bill of lading to Templeton & Adams put no obstacle to the delivery of the goods to them. While a bill

of lading is both a receipt and a contract, and is a muniment of title *(Garner* v. *St. Louis, I. M. & S. Ry. Co., supra)*, yet it had no influence in this case, as the goods were not sent to shipper's order, but consigned directly to Templeton & Adams, and the bill of lading was not negotiated.

The case turns simply on whether the show case was delivered to Templeton & Adams at Alliance, Ohio, when there delivered to the common carrier. The contract so stipulated, and it is not for the courts to change it.

The judgment is affirmed.