SUTHERLAND MEDICINE COMPANY *v.* BALTIMORE.

Opinion delivered December 24, 1906.

SALE—RIGHT OF VENDOR TO RECOVER ON LOSS OF GOODS IN TRANSIT.—Where a contract for the sale of goods stipulated that the vendor should ship the goods together with certain advertising matter, and the vendor shipped the goods without the advertising matter, and the goods were lost by the carrier in transit, the vendor failed to comply with the contract, and can not recover for the goods.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Crawford & Gantt,* for appellant.

Delivery of goods to a common carrier pursuant to the directions of the purchaser is delivery to the purchaser. Benj. on Sales, 6 Am. Ed. 181, 1040; 44 Ark. 556; 53 Ark. 196; 79 Ark. 456.

*White & Altheimer,* for appellee.

Where the agreement to include advertising matter with the bill of goods is a material inducement to giving the order, if the seller omits to ship with the goods such advertising matter, the contract is thereby broken, and the seller can not recover, notwithstanding the goods may have been shipped and consigned according to instruction. 79 Ark. 456.

HILL, C. J. Appellee, Baltimore, bought of appellant medicine company a bill of its goods, and signed written order there-

for. Following various items of medicine. appears this: "Full line of advertising matter." On face of the order was this also: "Paste label on back of this order." On the back was a list and description of signs and posters and other articles, such as: "Bell Watch Fobs," "Bell Stick Pins," "B. M. Bells," "Sgns. P. F. H." "Some Tacks," various books, as "50 Good Eagle Books," etc. In explanation of these matters, and certainly the writings are ·not self-explanatory, Baltimore testified that the watch fobs and stick pins were premiums, and with the signs and advertising matter were an inducing cause for the order. Some calamity befell these articles, and Baltimore did not receive the medicines, nor the stick pins, nor watch fobs,. nor anything ordered. The medicine company proved that it accepted the order and directed the advertising matter and the medicines to be shipped to Baltimore, and that it delivered to the railroad company for shipment to Baltimore a box properly directed containing the medicines ordered. But it failed to prove the shipment of the advertising matter. In fact, the only inference to be drawn from the testimony is that it was not sent. Evidently the box of medicines was lost in transit, and the question is upon whom the loss shall fall. If the medicine company complied with its contract and delivered the goods ordered to the carrier for Baltimore, then the loss is his; if it did not comply with the contract, it can not require him to pay for ·the goods. The contract can not be considered several, and binding to the extent it was fulfilled, as in *Duffie* v. *Pratt,* 76 Ark. 74. The advertising matter, if of any importance at all, from its very nature touched the whole order, and may have been an inducing cause to the contract. *Templeton* v. *Equitable Mfg. Co.,* 79 Ark. 456. Even if the evidence that it was an inducing clause be not competent, and be disregarded, the court can not treat the failure to send these premiums and advertising matter as ·a matter of no moment to the purchaser. It is very probable that a country merchant would more readily purchase goods when a full line of advertising matter of those goods was furnished him to go with the goods. In this ·case the signs and ·posters, presenting the virtues and cures of "Tar Honey" and "Anti-pain", and stick pins and watch fobs and "Household Help Books" as lagniappe

for "Eagle Eye Salve" and the "Tonic", may have been, and doubtless were, important factors.

The court was not without evidence in finding that the contract had not been complied with.

Affirmed.