SOUTHERN PRODUCE COMPANY v. OTERI.

Opinion delivered March 21, 1910.

1. SALES OF CHATTELS—IMPLIED WARRANTY.—Where a carload of bananas was sold in New Orleans to be shipped to this State and resold, and the vendee had no opportunity to inspect them, there was an implied warranty that they were in condition to stand shipment to this State and be in condition for resale when they arrived at their destination. (Page 321.)

2. SAME—BREACH OF WARRANTY—MEASURE OF DAMAGES.—The measure
of damages for breach of an implied warranty of salability in the
sale of chattels is the difference between the price fixed by the con-
tract and the market value of the goods in a merchantable condition
at the time and place of delivery. (Page 323.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge;
reversed.

*John F. Simms,* for appellant.

1. In charging the jury as to the general custom, the
court's instruction is not responsive to the issues. The instruc-
tion also errs in declaring the law to be that plaintiffs were
obliged to properly load and ship bananas "in a condition to
stand shipment to Texarkana within a reasonable time," etc.
That is not the test. The implied warranty was that the fruit
loaded would be in such condition as to·stand the transit by
the means selected and arrive in Texarkana in a merchantable
condition there, its destination. 77 Ark. 546.

2. The instruction offered by the appellant laid down the
proper test, and should have been given. 72 Ark. 343; 48 Ark.
330; Benjamin on Sales, 1358.

FRAUENTHAL, J. This was an action instituted by the plain-
tiffs below, S. Oteri & Company, against the Southern Produce
Company, to recover upon an alleged breach of a contract of
sale of one car of bananas which plaintiffs claimed to have
sold to defendants. The plaintiffs are wholesale fruit merchants
and banana importers, located at New Orleans, La., and the de-
fendants are wholesale merchants, located at Texarkana, Ark.
On January 22, 1908, the defendants, through a broker at Texar-
kana, sent a telegraphic order to plaintiffs for one car of bananas
to be shipped to Texarkana by quickest way, and on the same
day confirmed this by written order sent by mail. It was claimed
by the defendants that it was understood between the parties
that the defendants purchased the bananas for the purpose of
resale at Texarkana, and that when the plaintiffs accepted the
order there was an implied warranty on the part of plain-
tiffs that the bananas when shipped from New Orleans were
in proper condition to stand shipment to Texarkana, and to be
in a merchantable condition when they reached the latter place,
and there be fit for the purpose of resale. The bananas ar-

rived at Texarkana on the evening of January 25, and were then inspected by defendants; and they testified that they were over-ripe and on the verge of decay, and were not in a merchantable condition for sale; that on this account they refused to accept them, and at once notified plaintiffs. The plaintiffs thereupon directed their broker at Texarkana to sell the bananas for whom it might concern, which was done. The amount of the sale, less the freight charges, was credited by the plaintiffs upon the contract price, and they instituted this suit for the balance thereof. It appears from the evidence that the plaintiffs immediately upon receiving the order, on January 22, accepted same and delivered the bananas to a common carrier, properly directed to defendants; and they testified that the bananas were at that time in perfectly good merchantable condition to stand the shipment to Texarkana. The evidence tended further to show that there was no delay in the transportation by the carrier, and that there was no negligence upon the part of the carrier in handling or caring for the bananas in transit so that they could have been injured during transportation. The defendants testified that the bananas were immediately inspected upon arrival at Texarkana, and that they were found to be in an unmerchantable condition, and not fit for resale.

The court, over defendant's objection, gave the following instruction to the jury:

"If you find from a preponderance of the evidence that it was a general custom of banana importers in shipping out to interior points from New Orleans to sell all cars of bananas f. o. b. at New Orleans, and if you further find that the plaintiffs properly loaded said car at New Orleans with bananas in a condition to stand shipment to Texarkana within a reasonable time, considering the distance, the time of year and means of shipment, and delivered said cars to the railroad company at New Orleans billed to these defendants at Texarkana, then you may find for the plaintiffs in the sum sued for; provided the plaintiffs by their own acts through their messenger in charge of the bananas out from New Orleans to Lake Charles were not guilty of such conduct or carelessness in the handling of the car from New Orleans at the time he delivered it to the diverting carrier at Lake Charles as would ordinarily under all cir-

cumstances and proof in evidence, without fault of the defendant or the diverting carrier at Lake Charles, have caused the damage to the shipment of bananas within a reasonable time for transportation from Lake Charles to Texarkana, considering the time of year and the means for transportation; and if you should find from a preponderance of the evidence that the plaintiff's messenger through his conduct aforesaid of the car caused the damage to the shipment within the terms of the foregoing instruction, your verdict will be for the defendant."

The defendant requested the court to give the following instruction, which was refused:

"If you find that the car of bananas for which this suit is brought was shipped f. o. b. New Orleans, La., and that the defendant had no opportunity to examine or inspect the same before shipment, and that Oteri & Company knew that defendant was a wholesale fruit dealer and ordered the fruit for resale in its business here, then the court tells you that Oteri & Company were obliged under this order to load and ship such fruit and in such a condition as would stand the trip to Texarkana by the route over which shipment was made and arrive here in such condition as to be fit for resale by the Southern Produce Company, as originally contemplated in the order, and if Oteri & Company failed to load and ship such fruit as would stand the trip and arrive in merchantable condition, they cannot recover, and you must find for the Southern Produce Company,"

In their answer the defendant also pleaded a counterclaim for damages which it alleged it sustained by reason of loss of profits which it would have made on the car of bananas. Upon the trial of the case the court refused to permit the introduction of testimony tending to prove the amount of the profits thus claimed to have been lost.

A verdict was returned in favor of the plaintiffs, and from the judgment thereon the defendant prosecutes this appeal.

This case is controlled and ruled by the case of *Truschel* v. *Dean*, 77 Ark. 546. In that case we held: "In sales of goods where the purchaser has had no opportunity to inspect them, there is an implied warranty that they are reasonably fit for the purpose for which they are ordinarily used; and when they are, under such circumstances, purchased for a particular purpose

known to the seller, there is an implied warranty that they are fit for that purpose,"—citing *Bunch* v. *Weil,* 72 Ark. 343; *Curtis & Co. Mfg. Co.* v. *Williams,* 48 Ark. 330; Benjamin on Sales, § § 645, 656; Mechem on Sales, § 1358. This rule, we think, is applicable to the facts of this case. It is true that the delivery of the goods by a seller to a common carrier properly addressed to the buyer is in effect a delivery to the buyer; and if any loss occurs to the goods during the carriage, it becomes the loss of the purchaser. *State* v. *Carl & Tobey,* 43 Ark. 353; *Burton* v. *Baird,* 44 Ark. 556; *Berger* v. *State,* 50 Ark. 20; *Gottlieb* v. *Rinaldo,* 78 Ark. 123; *Templeton* v. *Equitable Mfg. Co.,* 79 Ark. 456; *Harper* v. *State,* 91 Ark. 422.

But in this case this latter question is not involved. The evidence on the part of the plaintiffs shows that the goods were properly handled and cared for during the period of transportation, and they were not injured or their condition damaged by any act or omission of the carrier. In fact, the plaintiffs sent a messenger along with the shipment for a great part of the route, and he testified that the bananas were properly transported and properly handled in transit. The defense is founded solely upon the implied warranty made, under the circumstances of this case, by the plaintiffs that the bananas when delivered to the common carrier at New Orleans were in a proper condition, so that they would stand shipment to Texarkana by means of the transportation selected by them, and that when they arrived at Texarkana they would be in a merchantable condition for resale, in event they were not damaged by delay or otherwise during the carriage. The question therefore involved in the case was whether or not the bananas were in that condition; not solely whether they were in a merchantable condition at New Orleans for sale, but whether they were in such a condition that they would stand the shipment to Texarkana and at this latter place be in a merchantable condition for resale, if not damaged by any act or omission of the carrier while in transit. The defendants were entitled to have that question submitted to the jury under proper instructions. The undisputed evidence was that the bananas were not injured in any way during transportation by any delay or failure to properly handle and care for them. The plaintiffs introduced testimony

ARK.] SOUTHERN PRODUCE Co. *v*. OTERI. 323

tending to prove that the bananas were in proper condition when delivered to the common carrier at New Orleans to stand shipment and be in condition for resale when they arrived at Texarkana. The testimony on the part of defendants tended to prove that when the bananas arrived at Texarkana they were not in a merchantable condition for resale, and therefore tended to show that when shipped at New Orleans they were not in that condition impliedly warranted by the plaintiffs that they would stand shipment under the means of carriage selected and be in a salable condition upon arrival at Texarkana. By this testimony a disputed question of fact was presented, which it was the province of the jury to determine under proper instructions. The instruction given to the jury permitted them to consider the condition of the bananas when delivered to the carrier at New Orleans and the time of year and distance and means of shipment; but by this instruction the entire attention of the jury was directed only to determine whether the bananas were in a merchantable condition at New Orleans when loaded on the car. As is held in the case of *Truschel* v. *Dean, supra,* the court should have gone further and told the jury, as asked by defendants, that the test of the merchantability of the bananas at New Orleans was whether their condition was such as to stand shipment to Texarkana and reach the latter place in a condition fit for resale.

The court erred in refusing the above instruction asked by defendants and in failing to modify the above instruction given by it so as to conform therewith.

We are of opinion that the court did not err in refusing to permit the introduction of testimony by the defendants showing alleged loss of profits. This was not the true measure of the damages. The measure of damages in such case, if any, would be the difference between the price fixed by the contract and the market value of the goods in a merchantable condition at the time and place of delivery.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.