NEEL *v.* WEST-WINFREE TOBACCO COMPANY.

Opinion delivered March 8, 1920.

1.  SALES—IMPLIED WARRANTY OF MERCHANTABILITY.—In a sale of manufactured goods, where there is no opportunity for inspection by the purchaser, there is an implied warranty that the articles are merchantable and reasonably fit for the purpose for which they are intended.

2.  SALES—BREACH OF WARRANTY—REMEDY OF BUYER.—Where there
    is a breach of warranty in the sale of goods, the purchaser may
    rescind the contract or may affirm it and keep the property and
    when sued for the price set up the breach of warranty by way
    of recoupment, and a failure to notify the seller of the breach
    could not defeat the right of recoupment.

3.  SALES—RESCISSION—OFFER TO RETURN.—Where there is a breach
    of warranty in a sale, in order to rescind there must be a return
    or an offer to return it within a reasonable time; but where the
    property is entirely worthless and wholly unfit for the intended
    use, an offer to return the property in order to rescind is not
    essential.

4.  PRINCIPAL AND AGENT — AUTHORITY TO COMPROMISE.—Where a
    traveling salesman of a tobacco company was authorized to set-
    tle a claim against a purchaser of tobacco by having him pay
    for the tobacco used and return the balance, it was within the ap-
    parent scope of his authority to accept payment for the amount
    used without requiring return of the balance where it was
    worthless.

Appeal from White Circuit Court; *J. M. Jackson,*
Judge; reversed.

*John E. Miller* and *C. E. Yingling,* for appellant.

The testimony shows that the tobacco was wholly
unfit for the use for which it was sold, and defendant
had the right to rescind the sale, and this leaves only
the question as to whether Neel should have returned it
or whether it was the duty of Steptoe to have returned
it according to his instructions from plaintiff, his prin-
cipal. The testimony shows that Neel and Steptoe had
a conference, and they decided it would not pay to ship
it back, and for this reason it was not shipped back, and
the company, through its agent, waived its right to have
it returned, and defendant is not precluded from setting
up a breach of warranty as a full defense to plaintiff's
claim. 35 Cyc. 149; Elliott on Cont., § 5114; 24 R. C.
L., § 574, p. 293; 168 Ala. 295; Ann. Cases 1912 A 657.
The court erred in its peremptory instruction and the
cause should be reversed. *Supra.*

*Brundidge & Neelly,* for appellee.

It was the duty of the purchaser to return the goods
and thus rescind the sale as soon as he discovered that

the goods were not of the quality ordered and not according to agrreement. 24 R. C. L. 291, § 574; 35 Cyc. 150. An offer to restore part only of the goods and pay for the remainder is ineffectual. Ann. Cas. 1912 A 657. The court properly directed a verdict under the testimony. 121 Ark. 290.

McCULLOCH, C. J. This is an action instituted by appellee against appellant on an open account in the sum of $72.48 for a lot of manufactured tobacco, sold and delivered by appellee to appellant under a written contract or order. The case originated before a justice of the peace of White County, and there was no written answer, but appellant defended on the ground that the tobacco was worthless, except a very small quantity of it which he paid for, and that he complied with an agreement made with appellee to pay for the part of the tobacco which he used and sold. The court directed a verdict in appellee's favor on the ground that appellant had not notified appellee of the worthless condition of the tobacco or offered to return the same within a reasonable time.

The tobacco was shipped to appellant from appellee's place of business in Lynchburg, Virginia, on April 2, 1915, and the invoice was, according to the contract, payable four months after date of shipment. The testimony adduced by appellant tended to establish the fact that the tobacco when shipped was worthless and wholly unfit for use or sale, except a small quantity aggregating in price $12.50. It was full of bugs and holes cut by the bugs and with web deposited by the bugs. The testimony further shows that appellant spoke to Mr. Steptoe, the traveling salesman who negotiated this sale for appellee, and informed him of the condition of the tobacco, and that Mr. Steptoe told him not to pay for it until there was an adjustment of the matter. Mr. Steptoe was introduced as a witness and corroborates appellant's testimony. On August 25, 1915, appellant wrote to appellee, informing the latter of the worthless condition of the

tobacco and stating that appellant had been waiting for Mr. Steptoe to come around on his regular trip in order to take the matter up with him for adjustment. It appears from the testimony that there was other correspondence between the parties which has been lost, but there was introduced in evidence a letter from appellee to Steptoe directing him to go to see appellant and get the account adjusted by allowing appellant to pay for the goods used and sold and to return the balance. Steptoe went to see appellant, and appellant testifies that he showed the tobacco to Steptoe and that it was agreed between them that it was worthless, and that it would be an unnecessary expense to appellee to return it. The testimony adduced by appellee tended to show that the tobacco was in good condition when shipped.

In the sale of manufactured goods, where there is no opportunity for inspection by the purchaser, there is an implied warranty that the articles are merchantable and reasonably fit for the purpose for which they were intended. *Weed* v. *Dyer*, 53 Ark. 155; *Bunch* v. *Weil*, 72 Ark. 343; *Main* v. *Dearing*, 73 Ark. 470.

Where there is a breach of warranty, the purchaser may rescind the contract, or may affirm it and keep the property, and when sued for the price set up the broken warranty by way of recoupment. A failure to notify the vendor of the breach of warranty will not defeat the vendee's right of recoupment, for, as said by this court in the case of *Wheat* v. *Dotson*, 12 Ark. 699, the right of recoupment "did not rest on the ground that the contract had been rescinded, and that a return or an offer to return the property was not a prerequisite to the admission of the defense." *Weed* v. *Dyer, supra*.

Where there is a breach of warranty in order to rescind there must be a return of the property or an offer to return it within a reasonable time; but where the property is entirely worthless and wholly unfit for the intended use, an offer to return the property in order to rescind is not essential. 35 Cyc. 149; 24 R. C. L., p. 293.

Appellee relies on a clause in the written order and on the invoice requiring notice within ten days of any "goods short or other claim." This requirement was, according to the testimony, waived by negotiations entered into by appellee with appellant for the adjustment of the disputed claim. There was an issue of fact for the determination of the jury as to whether or not the tobacco was worthless as claimed by appellant, and a verdict in appellant's favor on that issue would be determinative of the defense to the action. There was also a question of fact to be submitted to the jury whether or not there was a settlement of the disputed claim between appellant and Mr. Steptoe, appellee's agent, whereby appellant was to pay for the quantity of tobacco he had sold without returning the portion that was worthless. If that issue had been determined in appellant's favor, it would be a complete defense. Appellee wrote to its agent, Mr. Steptoe, directing him to go to see appellant and get him to pay for the tobacco he had sold and to return the balance which he claimed was unfit for use. It was, however, within the apparent scope of the agent's authority to settle the claim on any terms, and if, as testified by appellant, Steptoe agreed with appellant that the tobacco was worthless, it was unnecessary to return it.

In either case the directed verdict was improper, and the judgment is reversed and the cause remanded for a new trial.