MISSOURI PAINT & VARNISH COMPANY v. MERCK.

Opinion delivered April 19, 1926.

SALES—IMPLIED WARRANTY.—Where articles are sold by the manu-
facturer for a particular purpose without an opportunity for
inspection, the law implies a warranty that the articles are fit
for the purpose intended.

Appeal from Jefferson Circuit Court; *T. G. Parham,*
Judge; affirmed.

*A. R. Cooper,* for appellant.

*Danaher & Danaher,* for appellee.

HUMPHREYS, J.    This suit was brought by appellant
against appellee in the circuit court of Jefferson County
to recover $522 and interest for roof paint sold by the
salesman of appellant to appellee upon a written order.
The order was signed by appellee and the salesman, was
absolute on its face, and, in addition to other provisions,
contained the following conditions:

"This order is not subject to countermand.

"This order is not sold on consignment or approval.

"No agreement recognized unless incorporated in
writing on original or duplicate of orders."

Appellee interposed the defense to the alleged cause
of action that the salesman represented that the paint
was suitable for use on the roof of the Jefferson Hotel
in Pine Bluff, Arkansas, and that it would cover more
than fifty square feet to the gallon, which representation
induced the order; whereas the paint shipped to appellee
was not suitable for use on said roof and could not be
made to cover more than fifteen feet to the gallon; that
he immediately notified appellant of the defect in the
paint, and offered to return it; that appellant refused
to take it back, and same was being held subject to appel-
lant's order.

The cause was submitted to a jury upon the plead-
ings, testimony introduced by the parties, and instruc-
tions of the court, resulting in a verdict and judgment in
favor of appellee, from which an appeal has been duly
prosecuted to this court.

The testimony introduced by appellant established the execution and acceptance of a written contract or order for the roof paint at an f. o. b. price, St. Louis, Missouri, amounting to $552, and containing the conditions set out above, shipping directions, etc., and the fact that the paint was shipped in accordance therewith and received by appellee, but not paid for. Its testimony was to the effect also that it made no representations as to the kind and quality of the paint or the number of square feet per gallon it would cover as an inducement to obtain the contract.

The testimony introduced by appellee was to the effect that he owned the Hotel Jefferson, and was painting the roof with paint that covered fifty square feet to the gallon, when appellant's salesman offered to sell him liquid paint that was better than the kind he was using, and that would cover more than fifty feet to the gallon at a cheaper price; that, upon the representation thus made, he was induced to enter into a written contract with appellant for the purchase of a large amount of paint to finish painting said roof; that, instead of being a liquid paint, as represented, it was a paste as heavy as mortar plaster, which could not be spread effectively by his painter; that it took one gallon of it to cover fifteen square feet, and that it was wholly unsuitable for use on the roof.

Appellant's main contention for a reversal of the judgment is that the court erred in admitting oral testimony relative to representations of the salesman, which, if made, were promissory warranties to be performed in the future, and not binding unless incorporated in the written contract. The representations were not promissory warranties, but were representations as to the character and quality of the paint made to induce appellee to buy it instead of the paint he was using. The representations, if made, were those of a manufacturer selling an article for a particular purpose without an opportunity for inspection. The paint was not sold on sample, so the vendee must have relied upon the representations

of the salesman concerning the quality and use of the article, and in such sale the law implies a warranty to the effect that the article is fit for the purpose intended. *Bunch* v. *Weil*, 72 Ark. 343; *Main* v. *Deering*, 73 Ark. 470; *Bankers' Utility Co.* v. *Savings & Trust Company*, 152 Ark. 138; *O. L. Gregory Vinegar Co.* v. *National Fruit Canning Co.*, 167 Ark. 435. Under this view of the law applicable to the case, appellant was not entitled to an instructed verdict. The court therefore properly refused its request for a peremptory instruction.

Appellant also contends for a reversal of the judgment because the court erred in refusing to submit to the jury its theory of the particular representations relied upon by appellees. Appellee has directed our attention to his requested instruction No. 3, which, we think, fully covered the point. It is as follows: "If you find from the evidence that the salesman of plaintiff knew the kind of roof upon which the paint was to be used at the time the contract was signed, and that it was not suitable for use on such a roof, your verdict should be for defendant, even though you further find that the salesman did not tell defendant that the paint was fit for use on such a roof."

We have read the instructions given and those refused by the court, and have concluded that the real issues in the case were submitted to the jury under correct declarations of law.

No error appearing, the judgment is affirmed.