HYDROTEX INDUSTRIES *v.* FLOYD.

4-7832

192 S. W. 2d 759

Opinion delivered February 18, 1946.

Rehearing denied March 18, 1946.

*W. C. Rodgers,* for appellant.

*Boyd Tackett,* for appellee.

ROBINS, J. Appellants brought this suit against appellee to recover $488.90, the purchase price of two shipments of liquid roof coating sold and delivered by appellants to appellee. Appellee answered, denying generally all allegations of the complaint, and also set up a counterclaim for damages alleged to have been sustained by him on account of defective condition of the roofing material.

The case was tried to a jury, who returned a verdict, not allowing appellee any damages, but disallowing appellants' claim for purchase price of the roofing material. From judgment entered on this verdict appellants have appealed, and for reversal urge:

I.  That under the contract of sale appellee was to apply the material and that the failure to stop the leaks was caused by improper method of application of the roofing material.

II.  That there was no implied warranty of the fitness of the roofing material, because, (a) appellee had an opportunity to inspect the merchandise bought, and (b) that there was no evidence that appellants are manufacturers.

III.  That the Act of the General Assembly of Arkansas (Uniform Sales Law, Act No. 428, approved March 31, 1941) is unconstitutional in that it impairs the obligation of the contract sued on by adding thereto, as a burden on appellants, the provision for implied warranty of fitness.

IV.  That because there was an express warranty contained in the "bond" sent to appellee by appellants, appellee was limited to the relief afforded by the terms of this "bond."

V.  That appellee is estopped from asserting any defense to appellants' cause of action by his conduct in placing a second order, for an increased amount of material, after the first shipment had proved ineffectual to stop the leaks.

VI.  That since the agreement was formed by the acceptance by appellants at Dallas, Texas, of appellee's written order, it thereby became a Texas contract, subject to the laws of Texas; and that for this reason the Arkansas Uniform Sales Law, *supra,* and decisions of this court, did not apply in the interpretation and enforcement of the contract.

## I.

Appellants' first ground for reversal, that the failure of the roofing material to stop the leaks in appellee's roof was caused by improper application made by appellee, may be disposed of by pointing out that there was no testimony to support any such contention. The only testimony adduced on this phase of the case was that of the workman, recommended by appellants' salesman, who applied the liquid coating. This workman testified that he was experienced in repairing roofs and that he properly applied the material in accordance with the directions sent along with it by appellants. His testimony was in no manner contradicted.

## II.

As to appellants' contention that there could be no implied warranty of the fitness of the roofing material because appellee had an opportunity to inspect it before using it, it may be said that appellee testified that he knew nothing about such material and for that reason an inspection of it by him prior to its use would not have revealed its defective quality. Therefore there was no such opportunity of inspection as would prevent operation of an implied warranty of fitness. *S. F. Bowser & Co., Inc.*, v. *Kilgore*, 100 Ark. 17, 139 S. W. 541.

Appellants cannot consistently urge that it was not proved that they were manufacturers, because they introduced in evidence a letter written by them to appellee in which they stated in so many words that they were manufacturers of roofing material.

## III.

It is unnecessary for us to discuss at length appellants' argument that the Uniform Sales Act (Act 428, approved March 31, 1941), is unconstitutional. If this Act should be held invalid, the common law rule as to implied warranty in force at the time of the passage of this Act might be invoked; and under this rule, as frequently announced by this court, where an article is sold by a manufacturer and there is no opportunity of inspection

before the purchase, the law implies a warranty that the article sold shall be reasonably fit for the purpose for which it is sold. *Main* v. *Dearing*, 73 Ark. 470, 84 S. W. 640; *Main* v. *El Dorado Dry Goods Company*, 83 Ark. 15, 102 S. W. 681; *Southern Produce Company* v. *Oteri*, 94 Ark. 318, 126 S. W. 1065. It may be said, however, that the Uniform Sales Act has been adopted by a majority of the states of the union, and in none of them, so far as we have been able to discover, has this Act been held to violate any constitutional provision. On the other hand, it has been held not to interfere with the right to contract. 46 Am. Jur. 198; *Kirby* v. *Gibson Refrigerator Company*, 274 Mich. 395, 264 N. W. 840, 103 A. L. R. 1343.

## IV.

It is next contended by appellants that the sole remedy for appellee, in event the roofing material proved unsatisfactory, was provided under the terms of the "bond" sent along with the material by appellants, which "bond" provided that in event the roof coating should be applied according to printed instructions and thereafter the roof should fail to remain water-tight for a period of ten years appellants would furnish sufficient additional material to recoat the surface. One answer to this contention is that the written order, setting forth that it contained the entire contract, makes no reference whatever to this "bond." Since this "bond" was not a part of the contract of purchase it did not limit appellee's right to rely on an implied warranty of fitness.

Furthermore, the testimony shows that after the application of the original shipment of roof coating had proved ineffectual appellee did call upon appellants for more of the roofing material which, though properly applied, failed to prove water-tight.

In support of their contention that appellee was limited to the relief provided by the terms of the "bond," appellants cite the case of *Primrose Petroleum Co.* v. *Allen*, 219 N. C. 461, 14 S. E. 2d 402. While that case involved a contract similar to the one under consideration herein, the opinion recites that the "bond," or undertak-

ing on the part of the seller to furnish additional material if the first shipment proved ineffective, was a part of the original contract. As pointed out above, this was not true in the instant case. But in the *Primrose Petroleum Co.* case the trial court's instruction to the jury (whose finding against the buyer was sustained by the appellate court) that there was an implied warranty that the roofing material was "good for the purpose that liquid roofing is generally good for" was held proper.

## V.

It cannot be said that appellee, by calling on appellants for additional material after the first lot proved worthless, thereby estopped himself from relying on the implied warranty. Such action on the part of appellee was in reality for the benefit of appellants, because it gave them another opportunity to furnish material reasonably fit for the purpose for which it was sold.

## VI.

It is finally urged by appellants that the contract here involved was executed in Texas, that for that reason it must be construed in the light of the laws and decisions of that state, and that the Arkansas Uniform Sales Law, a portion of which was included in the charge to the jury by the lower court, has no application to the contract between appellants and appellee. Assuming, without deciding, that this was a Texas contract, no error prejudicial to appellants is shown by the record.

The undisputed testimony shows that appellee, a merchant in Nashville, Arkansas, desiring to repair the roof of his store building, consulted appellants' salesman, showed the salesman the roof, and told him to make out an order for the amount of proper material necessary to repair the roof; that the salesman did this and sent a mechanic from Texarkana to apply the material for appellee; that this man made application in the manner directed by appellants; that after application of one shipment failed to stop the leaks another lot was ordered and applied in the same manner and with like unsatisfactory

results; and that appellee was finally forced to tear off the roof and replace it entirely. This testimony was sufficient to show that the material was not reasonably fit for the purpose for which it was sold.

We have been referred by appellants to no decision of any Texas appellate court under which it is held that there is no implied warranty of fitness in the sale of personal property. On the contrary, under the Texas decisions, where the vendee purchases an article from the manufacturer for a specific purpose, the article not being present, the law implies a warranty that the article is reasonably fit for the purpose for which it was sold.

In the case of *Houk* v. *Berg*, 105 S. W. 1176 (Texas Court of Civil Appeals), the court quoted with approval this language from the case of *French* v. *Vining*, 102 Mass. 132, 3 Am. Rep. 440: "And it is perfectly well settled that there is an implied warranty, in regard to manufactured articles purchased for a particular use, which is made known to the vendor, that they are reasonably fit for the use for which they are purchased." To the same effect also is the holding in the cases of *Missouri, K. & T. Ry. Co. of Texas* v. *Interstate Chemical Co.* (Tex. Civil App.), 169 S. W. 1120; *El Paso & 'S. W. R. Co.* v. *Eichel & Weikel* (Texas Court of Civil Appeals), 130 S. W. 922; *Brantley* v. *Thomas*, 22 Tex. 270, 73 Am. Dec. 264.

Since the undisputed testimony showed that the roofing material sold by appellants to appellee was not reasonably fit for the purpose for which it was sold, there was breach of the implied warranty of fitness, whether the contract be construed under the Uniform Sales Act of Arkansas, or under the common law rule in force in this state prior to enactment of said Act, or under the law as declared by the courts of Texas.

No error appearing, the judgment of the lower court is affirmed.