INTERSTATE GROCER COMPANY *v.* SOUTHERN SHELL
FISH CO., INC.

5-1356                                  305 S. W. 2d 850

Opinion delivered October 21, 1957.

*Dinning & Dinning,* for appellant.

*A. M. Coates,* for appellee.

SAM ROBINSON, Associate Justice.   The appellee,
Southern Shell Fish Company, Inc., filed this suit to col-
lect an open account.   The appellant, Interstate Grocer
Company, asserted as a defense an alleged breach of war-
ranty on merchandise previously purchased from appel-
lee.   A jury was waived; and the court found for appel-
lee.   On appeal, appellant contends that the court erred
in finding that appellee had not breached the previous
sales contract.

On the 11th day of July, 1952, appellant bought one
hundred cases of canned blackberries from appellee, and
bought an additional twenty-five cases on the 8th of Sep-
tember, 1952.   A little over a year later, appellant still
had fifty-one cases of the berries on hand; and an in-
spector for the United States Food and Drug Adminis-
tration picked up samples for a laboratory examination
and it was found that the berries were undergoing de-
composition; as a result they were condemned and con-
fiscated by the Government.

Appellant had paid $255.00 for the berries which
were confiscated, and attempted to get appellee to make

good this loss; but appellee refused, maintaining that it had warranted the berries for six months only and that it was long after the six-month period of warranty had expired that the berries went bad. Appellant then bought merchandise from appellee valued at $231.00; but did not pay for such merchandise after it was delivered, attempting to set off the account by the alleged breach of warranty on the blackberries.

The trial resulted in a judgment for appellee. In our opinion, the judgment is sustained by substantial evidence. It is not shown that the berries became unfit for human consumption during the first six months after they were delivered to appellant. The warranty is as follows:

"Canned goods covered by this invoice are guaranteed to conform to National Pure Food laws and against leaks and swells for six months from date unless otherwise specified."

According to the testimony, canned berries are difficult to keep in an edible condition for any considerable length of time because they contain an acid which forms a gas when it comes in contact with the steel can. The cans are coated with a substance that protects the berries for some time, but this substance eventually deteriorates, allowing the berries to come in contact with the steel can; as a result gas forms and swells the can.

Although appellant sold about 75 cases of the berries in the usual course of business, it does not appear that there was a complaint from any customer as to the quality of the berries.

Of course, as we held in *Hydrotex Industries* v. *Floyd,* 209 Ark. 781, 192 S. W. 2d 759, the law implies a warranty that the article sold shall be reasonably fit for the purpose for which it is sold. If there is a breach of warranty the purchaser may rescind the contract; or may affirm it, keep the property, and, when sued, set up the broken warranty by way of recoupment. *Neel* v. *West-*

*Winfree Tob. Co.,* 142 Ark. 505, 219 S. W. 326. But here there does not appear to have been a breach of warranty.

Mr. Max Moore, president of the appellant company, testified that canned berries are susceptible to swelling, and he presumed that was the reason for the limited six-months warranty.

Affirmed.