SIMMONS v. RUGGLES et al.   (No. 7328.)

(Court of Civil Appeals of Texas. Dallas.
April 17, 1915.   Rehearing Denied
May 15, 1915.)

1. SALES ☞124 — RESCISSION—TENDER—NECESSITY.

A purchaser of an automobile, suing to rescind the contract and recover the amount paid on the purchase price, was not entitled to judgment, where there had been no tender of the machine.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 303–312;   Dec. Dig. ☞124.]

2. SALES ☞262½—WARRANTIES—LIABILITY.

Where, on the sale of an automobile by a dealer, who was acting for himself and did not pretend to represent the manufacturer, he delivered to the purchaser the manufacturer's warranty of the automobile, which provided that it was dependent on the purchaser registering his name, address, date of purchase, and model of car with the manufacturer, and the dealer neither signed any warranty nor made any representations as to the machine, except as might be implied from the delivery of the warranty, and the purchaser never registered his name as required by the warranty, he could not recover for breach of the warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 740–748;   Dec. Dig. ☞262½.]

Appeal from Dallas County Court;   W. F. Whitehurst, Judge.

Actions by W. R. Simmons against C. C. Ruggles and another, and by C. C. Ruggles against W. R. Simmons.   From a judgment against him, Simmons appeals.   Affirmed.

Greenwood, Walker & Williamson, T. S. Plowman, and Parks & Hall, all of Dallas, for appellant.   Jed. C. Adams and R. L. Stennis, both of Dallas, for appellees.

RAINEY, C. J.   Appellant bought a Ford automobile from the appellee for the agreed sum of $570, and for which he paid cash $250, giving his note for the balance.   On April 23, 1913, appellant brought suit against Ruggles and the Ford Auto Company, alleging a certain written warranty by said parties, that said warranty had been breached, and asked that contract of purchase be rescinded, and that he recover $250, the amount of cash he had paid on said machine, and for the cancellation of the notes given by him.   Without knowledge of the suit brought by appellant, Ruggles on May 1, 1913, brought suit against appellant to recover on the notes appellant had executed for the balance due on said machine, to foreclose a mortgage given to secure the said notes, and sued out a writ of sequestration, and caused the machine to be seized.   Without a formal order of consolidation having been made, said suits were tried at the same time and resulted in a verdict and judgment for appellees, from which judgment this appeal is taken.

The court instructed a verdict for the Ford Auto Company, and a judgment was accordingly so rendered, from which no appeal has been taken, so the controversy on this appeal is between appellant and appellee C. C. Ruggles.

[1] 1. In the suit brought by appellant for the rescission of the contract, there was no tender of the machine, and, the evidence showing that fact, judgment was properly rendered against appellant on that issue.

[2] 2. In the suit by appellee Ruggles seeking to recover on the notes and foreclosure of his lien, the appellant answered by plea of want of total failure of consideration, in that the machine was of no value;   that at the time of the sale of said machine Ruggles delivered him a certain agreement and warranty, which was attached to and made a part of this answer.   Appellant further answered that, in the event he was not entitled to a rescission of the contract, he recover damages.   The warranty relied on and attached to the answer is as follows:

"It is further agreed that this automobile is purchased by me exclusively, subject to the terms and provision of the warranty hereinafter set forth, which is here made a part of the contract between us, and that it is the only guaranty and warranty, either express or implied, made under this contract or otherwise.

"Manufacturer's Warranty:   The manufacturer warrants all such parts as shall under normal use and service appear to it to have been defective in workmanship or material.   If the circumstances do not permit that the work shall be executed in the factories or branch shops of the manufacturer, then this warranty is limited to shipment to the purchaser without charge, except for transportation of the part or parts intended to replace those acknowledged by the manufacturer to be defective.   The manufacturer cannot, however, accept any responsibility in connection with any of its motor cars when they have been altered outside of its own factories or branch shops.   It is further understood that the manufacturer makes no warranty whatever regarding pneumatic tires of speedometers.   The manufacturer is not responsible to any purchaser of its goods for any undertakings and warranties made by dealers, subdealers selling its products beyond these herein expressed.   The manufacturer makes no warranty of its goods except as stated herein, but desires and expects that customers shall make a thorough examination of its goods before purchasing.   This warranty is dependent upon the strict observance of the following clause:   The purchaser shall at the time of the purchase have registered his name, address and date of purchase and model of car with the Ford Motor Company at Detroit, Michigan, as the owner of the Ford automobile so purchased, in order to be protected under this warranty."

Said warranty is the one given by the Ford Auto Company and is the one relied on by appellant.

The evidence fails to show that Ruggles signed any warranty or made any representations in regard to the machine, except as might be implied from the delivery of the above warranty.   Ruggles was acting for himself in making the sale.   He did not represent the Ford Automobile Company, nor did he pretend to do so.   There was no evidence that appellant registered his name with the Ford Auto Company, at the time of purchase by him of said machine, in order to be pro-

tected under said warranty, as provided by the express terms of said warranty.

As the appellant relies on the express warranty as given, and there being no word uttered or act done by Ruggles at the time of making the sale, from which an implied warranty can be found, and the appellant not having complied with the terms of the warranty given, he is not in a position to complain of the charges given or refused, and is not entitled to recover.

The judgment is therefore affirmed.