## A. WARD v. LIDDELL COMPANY.

(Filed 19 October, 1921.)

**1. Contracts, Written — Warranty— Actions— Vendor and Purchaser— Evidence—Nonsuit—Trials.**

In an action upon the warranty of a written contract for the sale of cotton gins, requiring a written demand upon the seller within ten days, etc., with provision that the contract was complete and excluding all other written or verbal agreements respecting the subject-matter, the plaintiff may not recover thereon after waiting ninety days before making any claim whatever, whether written or oral, and upon evidence of this character a motion as of nonsuit is properly granted.

**2. Contracts, Written—Parol Evidence—Express Warranty.**

A written contract for the sale of cotton gins, signed by the purchaser, and stating that it was the entire agreement between the parties, in the absence of allegation of fraud, excludes parol evidence alone that they did not gin a specified number of bales of cotton a day according to the verbal representations of the sales agent, to the damage of the purchaser, the plaintiff in an action upon the express warranty.

**3. Same—Implied Warranty.**

An express warranty in an executed contract of sale, subject to a few well recognized exceptions inapplicable to the case at bar, will exclude one that is ordinarily implied, where the two are of the same general nature, or refer to the same or closely related subjects or qualities in the thing sold.

APPEAL by plaintiff from *Connor, J.,* at the May Term, 1921, of WAKE.

Civil action to recover damages for breach of warranty in the sale of two cotton gins.

At the close of plaintiff's evidence, on motion, there was judgment of nonsuit, and the plaintiff excepted and appealed.

*Robert C. Strong for plaintiff.*

*Cansler & Cansler and Murray Allen for defendant.*

HOKE, J. The written contract of sale executed between the parties contained a warranty as follows:

"The machinery specified in the within contract is warranted by Liddell Company to be of good material, well made, and with proper management capable of working well for the purposes intended. In case of original defects in any machine or part of machine, Liddell Company agree to make good the defect by supplying a new machine or a new part, provided notice of such defect shall be given, in writing, within ten days from the time said machinery is set up and ready for operation; but continued possession or use of said machinery, after expiration of said ten days, without such written notice, shall be conclusive evidence that the above warranty is fulfilled to the satisfaction of the undersigned, who agrees not to thereafter make other claim upon Liddell Company on account of said warranty: *Provided,* that in case any casting shall be replaced by Liddell Company without charge, except express charges, upon like written notice of ten days; but on any claim for replacement of defective casting, the defective pieces shall be presented to Liddell Company or the agent through whom the machinery was ordered, and shall clearly show the defects. Defects or failure in one part shall not condemn or be ground for claiming renewal, or for the return of any other part."

This contract also contains stipulation "That when this order is accepted, it is understood that the same shall be held to be the entire contract between us, and no agreement, verbal or otherwise, other than set forth herein forms any part of this contract."

The evidence of plaintiff tends to show that it was three months after the gin was set up and in operation before plaintiff made complaint of any defects in the gin, written or otherwise, and this being true, we are of opinion that the cause has been properly nonsuited. It is contended for the appellant that these gins, if properly constructed, and with the machinery and power there operated by plaintiff should have ginned twenty-two to twenty-five bales of cotton per day, whereas they could never turn out more than twelve bales per day and to plaintiff's great loss. And appellant offered to introduce testimony (excluded on objection of defendant) to the effect that defendant's agent who was there at plaintiff's place and saw the plant and machinery at the time of the contract and as an inducement thereto gave express assurance that the gins would turn out as much as twenty-two or twenty-five per day. As to any implied contract or warranty embodied in this position of appellant, in *Fertilizer Works v. Aiken,* 175 N. C., 398, it was stated to be the general rule that subject to a few recognized exceptions (not presented on this record) "that an express warranty in an executed con-

tract of sale will exclude one that is ordinarily implied, where the two are of the same general nature or refer to the same or closely related subjects or qualities in the things sold."

And as to the evidence offered tending to show express assurances of an output of twenty-two to twenty-five bales a day, that is incompetent further by reason of the express provision "that the written instrument contains the entire contract between the parties and none other written or verbal shall form any part of the contract." *Bland v. Harvester Co.,* 169 N. C., 418; *Machine Co. v. McClamrock,* 152 N. C., 405. Unless indeed the verbal assurances relied upon, offered in avoidance of the contract, and available to a claimant on that issue are such as to permit the inference of fraud, and there is no allegation or claim of fraud presented. See *Machine Co. v. Feezer,* 152 N. C., 516.

On the record, our decisions pertinent to the precise questions involved are clearly in affirmance of his Honor's ruling and the judgment of nonsuit must be affirmed. *Farquhar Co. v. Hardware Co.,* 174 N. C., 369; *Mfg. Co. v. Lumber Co.,* 159 N. C., 507; *Allen v. Tompkins,* 136 N. C., 208.

Affirmed.