MARY B. FORD v. WILLYS-OVERLAND, INC.

(Filed 1 May, 1929.)

1. **Principal and Agent A b—Agreement determines whether relationship is that of agency or independent dealer.**

    The form of a written contract for the local sale of automobiles will not control the question of whether the local representative is a purchaser thereof or an agent therefor, but the correct interpretation of the writing itself as to its effect will fix the status of the local representative in this respect.

2. **Same—Agreement with partnership for representation, taken over after its incorporation by the corporation, controls.**

    Where a partnership has a written agreement for the local sales of automobiles and thereafter the partnership is incorporated and continues to act under the agreement with the implied acquiescence of the company distributing the automobiles to local dealers, the unmodified or original agreement will govern the relationship as to whether the corporation was an independent local dealer purchasing the machines or a sales agent.

3. **Same—Agreement held to create relationship of independent dealer— Automobiles—Warranties.**

    Where a contract creating a local representative for the sale of automobiles, by interpretation as to its effect, creates the relationship of vendor and purchaser, the local representative may not bind the vendor upon a warranty of the machines, and the vendor is not liable for representations or warranties made by the local dealer, and an action against it on such warranty is properly nonsuited.

APPEAL by defendant from *Harding, J.,* at January Term, 1929, of RICHMOND. Reversed.

Action to recover damages for breach of warranty alleged to have been made by the Rockingham Sales Company, as agent of defendant, in the sale of an automobile.

Defendant denied that the Rockingham Sales Company was its agent; it alleged that said company was its local dealer in the town of Rockingham, N. C., and that as such dealer the said company had no authority, express or implied, to warrant said automobile, as agent of defendant.

From judgment on an adverse verdict, defendant appealed to the Supreme Court.

*J. C. Sedberry for plaintiff.*
*Ozmer L. Henry for defendant.*

CONNOR, J. On 27 August, 1926, plaintiff purchased a Whippet sedan automobile from the Rockingham Sales Company, paying therefor the sum of $840.00. The Rockingham Sales Company was a corporation, organized under the laws of the State of North Carolina. During the month of August, 1926, the said company was engaged in the business of selling automobiles, as a local dealer, in the town of Rockingham, N. C. It purchased the automobile which it sold to plaintiff from defendant. The defendant is a corporation organized under the laws of the State of Virginia. It is engaged in the business of selling and distributing to its local dealers automobiles manufactured by the Willys-Overland Company, a corporation organized under the laws of the State of Ohio.

The defendant sold the automobile which was purchased by plaintiff to the Rockingham Sales Company, as the successor of the Knight-Overland Company, a partnership, pursuant to and under the terms of an agreement in writing, by which the Knight-Overland Company became the local dealer of defendant, at Rockingham, N. C., in Whippet and Willys-Knight automobiles. The said agreement was signed by the individuals who composed the said partnership, and who were thereafter the incorporators of the Rockingham Sales Company. The corporation was organized to take over the business of the partnership, as a dealer in automobiles. Defendant recognized the corporation as the successor of the partnership, and continued to do business with it as such successor, under the terms of the written agreement. The relationship between the defendant and the corporation, as successor of the partnership, was determined by the said written agreement. This relationship, at least as between the parties, was that of vendor and vendee, and not that of principal and agent. One of the express stipulations of said written agreement was that the Knight-Overland Company, called therein the "Dealer," was in no way the legal representative or agent of the defendant, called therein the "Seller," for any purpose

whatsoever, and that the dealer had no right to assume or create any obligations of any kind, expressed or implied, on behalf of the seller, or to bind the seller in any respect whatever.

This stipulation, however, is not conclusive, on the plaintiff, who purchased the automobile from the dealer, for, notwithstanding its provisions, the plaintiff may show, if she can, by evidence, that the dealer was in fact and in law the agent of the defendant, with authority, by reason of such relationship to act for and in behalf of defendant, within the scope of the agency. If under the provisions of the written agreement, the relationship between the parties is that of principal and agent, it is immaterial that they are called therein "Seller" and "Dealer." This principle was applied in *McNeill v. Electric Storage Battery Co.,* 109 S. C., 326, 96 S. E., 134. It was held in that case that notwithstanding a provision in the contract to the contrary, the parties thereto were principal and agent. It is said in the opinion: "It is true the contract provided that the relation of principal and agent should not exist, but when the provisions of the contract make a contract of agency, then it is a contract of agency, and it makes no difference by what names the parties call themselves." In the instant case, however, there are no provisions in the written agreement inconsistent with or contradictory of the express provision that the dealer is not the agent of the seller. Nor was there any evidence tending to show a course of dealing between the defendant and the Rockingham Sales Company, by which the latter was recognized or held out by the defendant as its agent in the sale of automobiles.

In *Huselton v. Motor Car Co.,* 81 Pa. Super. Ct., 526, it was held that "where an authorized distributor of motor cars enters into a contract with a local dealer for a given territory, agreeing to furnish the dealer a certain quantity and variety of cars, the relationship thereby established is not one of agency." The contract between the parties in that case is substantially the same as the contract in the instant case.

The defendant as seller of Whippet and Willys-Knight automobiles made no warranty to its local dealer, the Rockingham Sales Company, or to purchasers of said automobiles from its said local dealer, with respect to said automobiles. It is expressly provided in the agreement under which said automobiles were sold that the only warranty with respect to Whippet and Willys-Knight automobiles is that of the manufacturer, which is set out in said agreement. There was evidence tending to show that under the terms of this warranty, the manufacturer sent a mechanic to Rockingham to remedy the defect in plaintiff's automobile. Plaintiff in her letter addressed to defendant, dated 14 March, 1927, said that in response to her letter dated 8 March, 1927,

"your Mr. Nichols arrived and completely overhauled my car. He found and rectified the trouble, and no doubt his report to you completely covers all the details." In this letter plaintiff requested the defendant to pay her $30.00, "actual money which my husband and I have spent for work directly necessary by this fault in the assembling of my car." Under the terms of the warranty made by the manufacturer of plaintiff's automobile, neither said manufacturer nor the defendant were liable to plaintiff for said sum of $30.00, or any other sum. *Ward v. Liddell Co.,* 182 N. C., 223, 108 S. E., 634.

In the absence of any evidence at the trial of this action in the Superior Court, tending to sustain an affirmative answer to the first issue submitted to the jury there was error in the refusal of the court to allow defendant's motion, at the close of all the evidence, for judgment as of nonsuit. C. S., 567. The motion should have been allowed and the action dismissed.

The Rockingham Sales Company did not make or purport to make any warranty of the automobile purchased by the plaintiff in behalf of defendant or upon which defendant should be liable. The warranty, if any, was made by the said company on its own behalf, and it alone is liable for any breach of said warranty. The judgment that plaintiff recover of defendant the damages assessed by the jury for breach of the warranty alleged in the complaint is

Reversed.