PRIMROSE PETROLEUM COMPANY v. MRS. GERTRUDE JONES ALLEN.

(Filed 30 April, 1941.)

**1. Sales § 15—**

Where the seller of roofing material gives a written special warranty of roof protection for a period of ten years if the product is applied as directed, both parties are bound by the special warranty, and the warranties ordinarily implied in contracts of purchase and sale are excluded thereby.

**2. Same—**

A stipulation in the written order given by the purchaser to the seller that the seller will not be liable for any agreement, verbal or otherwise, not written or printed on the order, waives any prior purported guarantee, oral or otherwise, made by the seller's agent.

**3. Sales § 13—Purchaser must show that he has complied with conditions of special warranty in order to recover thereunder.**

Where the parties are bound by a written guarantee that the merchandise sold would give the buyer roof protection for a period of 10 years if properly applied, and that if the product should fail to give such protection the seller would furnish sufficient additional like material to afford such protection for the ten-year period, an instruction to the effect that the purchaser would be liable for the purchase price if the roof coating was good for the purpose for which such roofing is generally good for, irrespective of whether it was good for the roof of the building of purchaser, cannot be held for error when there is no evidence that the roof coating was applied as directed or that the purchaser had demanded "additional like material to keep the roof in leak proof condition."

**4. Sales § 15—**

In contracts of purchase and sale, the fundamental undertaking is that the article offered or delivered shall answer the description of it contained in the contract.

**5. Trial § 31—Illustration of principal of law growing out of evidence by statement of hypothetical facts held not error as expression of opinion.**

A charge upon an implied warranty of a liquid roof coating that the seller warranted that the product should be good for the purpose for

which sold but that a person buying liquid roofing could not "expect to fill up a gap that was 30 feet wide" with such material, *is held* not error as an expression of opinion by the court, it appearing that the court was merely illustrating a principle growing out of the testimony of various witnesses that the defendant's roof was in such condition that no roofing paint could repair it, but that other roofing material to stop up the holes therein was necessary.

**6. Sales § 14b——**

Where the seller's written guarantee excludes all prior warranties or guarantees made by its agent, if any, a requested instruction based upon prior purported guarantees of the seller's agent is properly refused, since such instruction would be foreign to the issues involved.

APPEAL by defendant from *Pless, J.,* at February Term, 1941, of WAKE.

*Jones & Brassfield and Armistead Jones Maupin for plaintiff, appellee. John W. Hinsdale for defendant, appellant.*

SCHENCK, J. This is an action on contract to recover the balance of purchase price for asbestos roof coating, known as "Hydrotex," sold by ·the plaintiff to the defendant, wherein the defendant admits the receipt of the merchandise and the agreement to pay therefor, but avers that the merchandise failed to meet the warranty made in the sale thereof, and therefore makes counterclaim to recover of the plaintiff the amount paid to it by her.

The order given by the defendant to the plaintiff for the asbestos roof coating contained the following clause: "Notice: This order not subject to countermand or cancellation. This company is not liable for any agreement, verbal or otherwise, not written or printed on this order, and assumes no responsibility to supervise or apply products purchased on this order unless so specified on this order. . . .

"I have read this agreement, thoroughly understand it, and have customer's yellow copy containing guarantee in my possession. I have checked Roof Record on the reverse side, and it is correct.

             ` (Signed)   MRS. GERTRUDE JONES, Owner."

Reversed side.

"With our instructions, which are furnished with each invoice, it is easy to apply Hydrotex. It is not at all necessary to employ an expert, though care and the observance of the simple printed instructions are absolutely necessary."

The plaintiff at the time of the sale of the asbestos roof coating to the defendant furnished her with a written guarantee in the following words:

"HYDROTEX 10 YEAR GUARANTEE BOND

"The said Primrose Petroleum Company binds itself, its successors and assigns that should said Hydrotex Black Liquid Asbestos Roof Coating and/or Plastic Cement, as described on the reverse side hereof, be applied according to its simple printed instructions and payment discharged by said purchaser in conformity to the contract of purchase and the terms thereof, and thereafter the said applied material fails to give said buyer Roof Protection for a period of ten years from the date of invoice therefor, from the undersigned (damage from windstorm, cyclone, earthquake or other acts of Providence beyond the control of the undersigned excepted); then and in that event to furnish buyer, free of cost, sufficient additional like material for him to keep his roof in a leak proof condition for the full duration of the Ten Year Period aforesaid.

PRIMROSE PETROLEUM COMPANY,

(Signed)    RAYMOND BRIN, *Vice President.*"

The defendant offered evidence tending to show that the agent of the plaintiff, one Ennis, examined the roof of a building on East Davie Street, in the city of Raleigh, in which the defendant had a life estate, and represented to defendant that the materials offered for sale by the plaintiff "would take care of the roof and he would guarantee it."

The defendant offered further evidence that after the order was given for the asbestos roof coating and after the coating had been applied to the roof of the defendant's building by the said Ennis there was no improvement in its condition, that the roof continued to leak, and the defendant was compelled to have an entirely new roof placed upon her building.

The only exceptions set out in the brief of the defendant, appellant, relate to the charge of the court.

The first question presented is, Did the court err in instructing the jury in effect that the seller and buyer (the plaintiff and the defendant) were limited to the terms of the special warranty? We think there was no error in this instruction. There was set up in the contract between the plaintiff and defendant a special warranty of "roof protection," evidenced by the "Guarantee Bond," and by this special warranty both parties were bound, and the warranties ordinarily implied in contracts of purchase and sale were excluded thereby. *Ward v. Liddell Co.,* 182 N. C., 223, 108 S. E., 634; *Farquhar Co. v. Hardware Co.,* 174 N. C., 369, 93 S. E., 922.

Any effect of any purported guarantee made orally or otherwise to the defendant by the agent of the plaintiff was rendered nugatory by the defendant's signing a waiver of liability arising out of any agreement not written in the order.

The second question presented is, Did the court err in instructing the jury in effect that the only implied warranty involved in the trial was

that the asbestos roof coating was good for the purpose that liquid roofing is generally good for, irrespective of whether it was good for the roof of the building of the defendant?

The court charged the jury in effect that if they should find by the greater weight of the evidence that the plaintiff's asbestos roof coating was generally good for roofing purposes, the fact that it was not suitable and fit to be used on the particular roof of the building of the defendant would not enable the defendant to escape liability or to recover on her counterclaim. This was a correct charge in view of the fact that the only special warranty relating to the defendant's building was that if the asbestos roof coating was applied as directed the defendant would have "Roof Protection for a period of ten years," and in the event of failure to render such roof protection the plaintiff would furnish the defendant sufficient additional like material to keep her roof in a leak proof condition for the full duration of the ten years. There is no evidence that the asbestos roof coating was applied as directed, or that the defendant has ever applied to the plaintiff for "additional like material to keep the roof in leak proof condition."

In contracts of purchase and sale "the fundamental undertaking is that the article offered or delivered shall answer the description of it contained in the contract. That rule comprises all the others; they are adaptations of it to particular kinds of contracts of purchase and sale." *Ashford v. Shrader,* 167 N. C., 45, 83 S. E., 29; *Randall v. Hewsom,* 2 Q. B., 109.

The third question presented is, Did the court err in charging the jury as follows: "Now, under the implied warranty in the sale of the asbestos roofing the Primrose Petroleum Company warrants that the liquid asbestos roofing sold by it for the purpose of repairing a roof is good and will stand up under the use and for the purpose for which it is sold. Now, that doesn't necessarily mean, gentlemen of the jury, that one who buys liquid roofing from somebody could expect to fill up a gap that was 30 feet wide with it." We do not apprehend that the jury could have interpreted this excerpt from the charge as an expression of an opinion by the court. The court was merely illustrating a principle growing out of the testimony of various witnesses to the effect that the roof on defendant's building was burst to pieces and it was necessary that large rolls of roofing paper be used to stop up the holes therein, and that no roofing paint could repair the deteriorated condition thereof.

The fourth question presented is, Did the court err in refusing to give a special instruction prayed for by the defendant? This question is answered in the negative for the reason, *inter alia,* that the instruction is hypothesized upon the jury finding the fact that the agent of the plaintiff examined the roof of the house of the defendant and reported

to her that the product of the plaintiff would remedy the leaks in such roof, and in consequence thereof the defendant gave the order to the plaintiff. Since the written contract signed by the defendant excludes all agreements not contained in the written order, the instruction prayed for would have been foreign to the issues involved.

We have examined the charge as a whole and are of the opinion, and so hold, that there is in it and in the record

No error.