KLIMATE-PRUF PAINT & VARNISH COMPANY v. KLEIN CORPORA-
TION, MAX KLEIN AND WIFE, SARAH KLEIN.

(Filed 19 June 1968.)

**1. Sales § 6—**

There can be no implied warranties when the contract of sale con-
tains express warranties upon the subject.

**2. Sales §§ 5, 14—**

In an action by the assignee of accounts receivable against the assignor,
evidence that some accounts were uncollectible in that the debtors had
declared bankruptcy and that other debtors refused to pay accounts be-
cause they had received defective merchandise, *is held* insufficient to be
submitted to the jury on the issue of assignor's breach of a warranty that
such assets "are free and clear of all liens and encumbrances and claims
of every nature," the effect of the warranty being to protect against lia-
bilities which would infringe on the title to the accounts and not to
guarantee their collectibility.

APPEAL by plaintiff from *Lupton, J.,* at the 29 January 1968
Civil Session of GUILFORD Superior Court.

This is a civil action in which plaintiff seeks to recover damages
for the alleged breach of certain warranties made by the defendants
in the sale of accounts receivable by the corporate defendant to
plaintiff.

Plaintiff's pleadings allege that on 10 May 1962, Klimate-Pruf
Paint Company, Inc., under a written contract, sold its operating
assets, including raw materials, finished goods, work in progress,
inventory, equipment, and accounts receivable to plaintiff, a newly
organized company. The vendor then changed its name to the Klein
Corporation.

This action is concerned only with the assignment of the ac-
counts receivable and more particularly with only five of the 337
assigned. The contract of sale contains the warranty hereinafter set
forth in the opinion. The individual defendants joined in the con-
tract of sale for purpose of guaranteeing that the assets and prop-
erties conveyed were free and clear of all claims, liens, and encum-
brances of every nature, and agreed to indemnify and save the pur-
chaser harmless from any claims or demands arising out of the pur-
chase of the assets covered by the agreement.

The complaint further alleges that plaintiff exercised due dili-
gence to collect the accounts receivable; that it was unable to collect
two of the accounts in question because the debtors filed petitions in
bankruptcy; that it was unable to collect the other three because
the debtors contended that the products purchased were defective.

Plaintiff made demand on defendants to pay the accounts re-

ceivable which plaintiff was unable to collect. Defendants failed to make the accounts good.

At the trial, plaintiff introduced evidence in support of its pleadings, including depositions from the three debtors relating to the defective merchandise.

At the conclusion of plaintiff's evidence, defendants moved for judgment as of involuntary nonsuit, which motion was granted and judgment entered thereon. Plaintiff appealed.

*Moseley & Edwards, Attorneys for plaintiff appellant.*
*Falk, Carruthers & Roth, Attorneys for defendant appellees.*

BRITT, J. In its brief, appellant raises two questions: (1) Did plaintiff introduce sufficient evidence to raise a jury question under the theory of a breach of implied warranty of validity? (2) Did plaintiff introduce sufficient evidence to raise a jury question under the express warranty contained in the contract between the parties?

The paragraph of the bill of sale most pertinent to this appeal reads as follows:

> "The seller covenants that it has the right to convey the assets and properties set forth above; that the said assets and properties are free and clear of all liens and encumbrances and claims of every nature; and that it will warrant and defend the title to these assets and properties against the lawful claims of all persons whomsoever."

The first question posed by appellant must be answered in the negative.

"There can be no implied warranties when the contract of sale contains express warranties upon the subject." 4 Strong, N. C. Index, Sales, § 6, citing *Petroleum Co. v. Allen,* 219 N.C. 461, 14 S.E. 2d 402.

The bill of sale set forth in the complaint contains an express warranty from the seller to the buyer (plaintiff) on the subject in controversy in this action; therefore, we hold that in this case there was no implied warranty.

Answering appellant's second question is more difficult, but it too must be answered in the negative.

It is plaintiff's contention that the uncollected accounts constitute a breach of that portion of the bill of sale which reads: "The seller covenants . . . that the said assets and properties are free and clear of all liens and encumbrances and claims of every nature . . ." With commendable candor, appellant's counsel admit in their brief that the covenant contained in the contract was not a warranty

of collectibility as to accounts receivable. Clearly, the two accounts against debtors who filed bankruptcy proceedings fall within this admission and, as to them, nonsuit was proper.

Payment has been refused on the other three accounts on the grounds that the merchandise was defective. Plaintiff argues that this constitutes a breach of the covenant that the "assets and properties are free and clear of all . . . claims of every nature." This requires a construction of those words, and the context in which they were used must be considered.

An examination of the contract of sale indicates that there are three distinct covenants or warranties. First, to borrow a real estate term, there is a covenant of right to convey by which the seller provided assurance that it had sufficient capacity and title to convey the property which it, by its bill of sale, undertook to convey.

Second, there is the covenant or warranty against "liens and encumbrances and claims of every nature." *Liens* and *encumbrances* obviously embrace mortgages, tax liens, and the like. Then, without even a comma to break the connotation, follow the words, *and claims of every nature*. We think the effect of these words was to warrant the title to the property conveyed, including the accounts receivable, against liabilities that might not be considered a *lien* or an *encumbrance*, but which would affect or infringe on the title; a possible example would be the violation of the bulk sales statutes. A debtor's right of setoff or counterclaim for defective merchandise cannot be considered as affecting or infringing defendant's title to the accounts receivable.

Third, there is the warranty to defend which relates to the two preceding sections.

The defenses asserted by the three debtors do not create a lien, encumbrance or claim against the title of the accounts, but rather they relate to collectibility. If the parties intended that the accounts receivable be warranted to be free from any right of setoff or counterclaim, they should have so covenanted. See *Warner v. Seaboard Finance Co.*, 75 Nev. 470, 345 P. 2d 759.

The judgment of involuntary nonsuit entered by the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.