OPINION OF THE COURT
Lucindo Suarez, J.
The issue in this small claim is whether this court can hold a party in contempt consistent with procedural and substantive due process for failure to respond to a judicial subpoena, actually received, containing caption and service deficiencies, where the previous underlying claim against it was dismissed. This court holds that the defects in the form and service of the subpoena are not sufficiently fatal to void this court’s jurisdiction to do substantial justice.
*289 Plaintiff, Beatrice Hampton (Hampton), moved by order to show cause for an order to hold "Noel Coreano, c/o Annal Management” in contempt of court for defendant’s, Annal Management Co., Ltd. (Annal), failure and refusal to obey a judicial subpoena endorsed by the clerk of the court. Annal did not appear on the return date of the motion. Hampton alleges she was unable to prove her case in the amount of $2,000 due to Annal’s failure to appear at trial.
Pursuant to CPLR 2308 (a) and 4404 (b), and Judiciary Law § 753 (A) (5) and § 773, this court directed that a hearing be held on an adjourned date to Hampton’s order to show cause to determine the amount of damages, if any, suffered by Hampton and to hold Annal in contempt for failure to respond to the judicial subpoena. This court notified Annal to attend the hearing.
At the hearing of this matter, on June 1, 1994, Annal’s attorney made a motion to quash the subpoena and dismiss the contempt proceeding alleging that: Annal was not a party named in the subpoena because it named Noel Coreano, an alleged employee of Annal, in his individual capacity, as did the order to show cause to hold Annal in contempt; Annal’s employment records indicated that an individual named "Noah” Coreano was a former employee who no longer worked for Annal; Annal was dismissed as a defendant in this claim on May 11, 1993 by the Honorable Francis Allesandro; the service of the subpoena was defective for it was served by certified mail return receipt requested instead of personally as directed by the Honorable Judith Gische, and $15 was not tendered as required by statute.
Hampton has appeared pro se throughout this matter. She commenced her claim against her landlord, Annal, because water leaks damaged various items in her apartment. At trial, Annal appeared through its agent Noel/Noah Coreano (Coreano). The matter was conferenced and Hampton was directed by the Honorable Stanley Green to implead her upstairs neighbor, as it appeared the water was seeping from parts of her ceiling, and may have been caused by an unauthorized use of a washing machine. Hampton then brought a claim against her neighbor, Sharon Wells (Wells), which was consolidated with the main claim. After three adjournments, including one where the Honorable Donna M. Mills instructed Hampton to bring an inventory of her property damage and valuation, the case was marked for trial on May 11, 1993. On *290 the trial date, Wells did not appear. Judgment was granted in favor of Annal who essentially maintained that the water leaks were caused by Wells’s unauthorized use of a washing machine. Judgment was also granted in favor of Hampton against Wells for $2,000 after inquest. Shortly thereafter, Wells moved successfully to vacate her default. A new trial date was set and Hampton served a judicial subpoena by certified mail return receipt requested upon "Mr. Noel Coreano c/o Annal Management”, without tendering the $15 fee. Hampton wanted Annal to reiterate its claim that it was not responsible for the water leaks, and present its proof or knowledge that the source was from Wells’s washing machine. On the October 25, 1993 trial date, Wells appeared and testified that the leaks were not caused by her washing machine. As a result, judgment was granted in favor of Wells. However, since Annal did not appear pursuant to the subpoena, Hampton was unable to establish that Wells or Annal was responsible for the water leaks.
CPLR 2308 (a) authorizes this court to hold a subpoenaed person or entity in contempt and find liability for failure to comply with a subpoena: "Failure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court * * * A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply.” (Emphasis added.)
The standard of review in small claims is that of substantial justice. CCA 1804 provides in relevant part:
"Informal and simplified procedure on small claims
"The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”.
Upon application of the standard of substantial justice, this court has jurisdiction over Annal pursuant to the service of the subpoena. To the extent that the service was contrary to statutory provisions, such deficiencies are not sufficiently fatal to jurisdiction in this case, since by applying the standard of substantial justice this court is guided, rather than bound, by the rules of practice and procedure and there is no prejudice to Annal. Although the subpoena denominated the *291 person to be served as "Mr. Noel Coreano c/o Annal Management”, Annal was a defendant from the inception of this matter. The caption named Annal as a party, not Coreano. Coreano was never brought in as a party defendant. Coreano was the only representative to appear on behalf of his employer Annal. Annal has been represented by attorney from the commencement of this claim. Annal actually received the subpoena and order to show cause, as noted in the return receipt portion of the certified mailing.* Coreano received the subpoena and order to show cause in his representative capacity on behalf of Annal, as shown by Annal’s address on the certified mailing return receipt. Coreano was employed by Annal at the time and had a duty to inform his principal. Furthermore, the dismissal of Hampton’s claim against Annal does not void this court’s jurisdiction of a subpoenaed person.
The rules of practice and procedure that would otherwise be applicable would require, pursuant to CPLR 2303, that a subpoena be served in the same manner as a summons. The methods of service of a summons are contained in CPLR article 3. Annal, a corporation, would be required to be served pursuant to the provisions of CPLR 311 (1), which provides for service upon different categories of persons. Service to a corporate individual as described in CPLR 311 (1) would be by personal service pursuant to CPLR 308 (1). In the agency-by-appointment cases where redelivery of the summons is made by a secretary or receptionist to the appropriate corporate individual designated for service of process pursuant to CPLR 311 (1), the Court of Appeals in Fashion Page v Zurich Ins. Co. (50 NY2d 265, 272 [1980]) stated: "[I]f service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained.” (Cf., Cohen v Banks, 160 Misc 2d 159 [Just Ct 1994].) The service provisions should not be read in a narrow and technical manner for purposes of a small claim. CCA 1803 (a) offers guidance: "Small claims shall be commenced upon the payment * * * of a filing fee * * * without the service of a summons * * * without the service of any pleading other than a statement of his cause of action by the claimant or someone in his behalf to the clerk, who shall reduce the same to a concise, written form * * * Such procedure shall provide for *292 the sending of notice of such claim by ordinary first class mail and certified mail with return receipt requested to the party complained against”. (Emphasis added.)
In addition, an irregularity in form that manifests itself in a mere misdescription to one who should have known the correct denomination is insufficient to defeat jurisdiction. This court is guided by CPLR 2001 which allows corrections that are not prejudicial: "At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.”
Furthermore, a jurisdiction getting device, such as a judicial subpoena in a supplemental contempt proceeding, can be amended. Amendment of a summons, as a jurisdiction getting device, is allowed by CPLR 305 (c): "At any time, in its discretion and upon such terms as it deems just, the court may allow any summons * * * to be amended, if a substantial right of a party against whom the summons issued is not prejudiced.”
Although Hampton’s claim was previously dismissed against Annal, Annal knew or should have known that the subpoena was intended for it, instead of its representative Coreano. Annal’s status as a former party in this action should have made it aware that Hampton, a pro se litigant, was requesting Annal’s presence by its representative Coreano who previously appeared on its behalf. This misdescription does not violate a substantial right of Annal. Annal, in its motion to quash and dismiss, has failed to address any prejudice it has sustained. Therefore, the judicial subpoena is amended nunc pro tunc from "Mr. Noel Coreano c/o Annal Management” to "Annal Management Co. Ltd.”
Lastly, Annal moves to quash the subpoena on the grounds that Hampton failed to tender the requisite fee with the service of the subpoena. CPLR 8001 (a) requires: "Any person whose attendance is compelled by a subpoena * * * shall receive * * * fifteen dollars for attendance fees”. CPLR 2303 provides the time when payment of the attendance fee is to be made: "Any person subpoenaed shall be paid or tendered in advance authorized traveling expenses and one day’s witness fee.”
The New York Court of Appeals has held that a person who has been subpoenaed cannot be compelled to attend *293 without payment of the appropriate fees (Matter of Depue, 185 NY 60 [1906]; see also, Matter of State Commn. for Human Rights v Marrano, 45 Misc 2d 1092 [Sup Ct 1965]). However, substantial justice allows this court, based on the facts herein, to find jurisdiction. This court does not hold that small claims litigants can disregard the payment or tender of appropriate fees as required by statute, but rather that it can consider and weigh the unique facts of a particular case in its determination to render substantial justice. The requirement to pay fees pursuant to statute is procedural in nature, incidental to the substantive claim, and can be waived by a court. It is a requirement upon which this court is guided, but not bound. The facts this court considers relevant to finding jurisdiction, absent tender of the fee, are: Annal actually received the subpoena; Annal did not move to quash the subpoena before the return date (cf., Walter Doors v Greenberg, 151 AD2d 550 [2d Dept 1989]); Annal did not appear on the return date, where it could have demanded payment of the appropriate fee; Annal has been represented by attorney throughout; Hampton has appeared pro se throughout; both Annal and Wells have admitted that Hampton has suffered water damage; but for Wells’s failure to appear at the time of trial, and Annal’s failure to appear pursuant to subpoena, this matter was not adjudicated on the merits.
In addition, the purpose for which the small claims part was created, to provide a forum for the relatively expeditious resolution of disputes at little cost to the litigants, that avoids complicated procedures and the need for attorneys, has been generally satisfied.
For the above reasons, this court holds it has jurisdiction over Annal, and schedules the adjournment of this matter to December 7, 1994 at 2:00 p.m., at its chambers.

 The court made this determination as a preliminary matter at the June 1, 1994 contempt hearing of this matter, which was adjourned without date to rule upon Annal’s jurisdictional objections.