OPINION OF THE COURT
C. Stephen Hackeling, J.
Sanford Katims, the above-captioned plaintiff, filed a complaint dated November 11, 2004 against DaimlerChrysler Motors Company, and its dealer/franchise/agent, codefendant Huntington Jeep Chrysler, Inc. The plaintiff is seeking to recover $4,264.53 for an alleged breach of a written warranty as well as alleging a violation of 15 USC § 2303. Huntington Jeep has appeared and was defended by counsel and a corporate officer and has advised the court that Chrysler is aware of the action but will not appear as it contends that this court lacks jurisdiction to enter a judgment in the matter against it.
The Undisputed Relevant Facts
The plaintiff purchased a 2002 Chrysler Jeep Cherokee on April 29, 2002 from the Huntington Jeep Chrysler dealership. At that time the dealership was advertising a Chrysler promotion to increase its normal three-year/36,000-mile warranty to seven years/100,000 miles. In its capacity as a Chrysler dealer, Huntington Jeep transferred title from Chrysler to the plaintiff and tendered the new car kit inclusive of the standard three-year/36,000-mile warranty documents. (Exhibit 6.)
The subject Jeep’s transmission failed on October 26, 2004 at 55,000 miles and the plaintiff inquired from the Chrysler Roadside Assistance Unit and Huntington Jeep’s service department about whether his vehicle was covered under this warranty.
*505 Disputed Issues of Fact
The factual dispute in this matter arises out of the plaintiffs assertion that he was advised telephonically on at least four occasions over two days by both Chrysler and Huntington Jeep that his warranty was limited to 36,000 miles and that plaintiff would be responsible to pay for any transmission repair. Premised upon this determination, the plaintiff chose to have the repair done at Amoco at a $2,375 expense. (Exhibits 1, 2.) Halfway through the Amoco repair on October 26, 2004, Huntington Jeep advised plaintiff of the 100,000-mile coverage, but refused to undertake repairs unless the vehicle was delivered fully assembled. Rather than reassemble a broken transmission at a $2,000 expense, the plaintiff chose to complete the repair and seek “emergency repair reimbursement” for the Amoco repair cost. (Exhibit 3.) Chrysler denied the request.
It is Huntington Jeep’s contention that all the Chrysler computers evidence the 100,000-mile warranty status. (Exhibits B, C.) Although Huntington Jeep’s witness had no personal knowledge, it was his contention that this fact would have been communicated to plaintiff during his initial October 24 and 25 telephone calls and that plaintiff knowingly chose to void his warranty by having an out-of-service repair. This assertion that Chrysler’s business practice to always advise customers of the extended warranty is not corroborated by the recording of the roadside service call made several weeks after the fact wherein the Chrysler employee advised the plaintiff that he had only 36,000-mile coverage. (Exhibit 7.)
Legal Issues Presented
(1) Is Huntington Jeep liable for a breach of the Chrysler warranty?
(2) Did Huntington Jeep violate the “deceptive warranty” provisions of 15 USC § 2310?
(3) Does this court have jurisdiction to enter a default judgment against Chrysler?
Discussion
Agency Defense
Though not expressly conceded by the appearing defendant, the interdependent and continuing relationship between Chrysler and Huntington Jeep is obvious. Huntington Jeep describes itself as a Chrysler “dealer” or “franchisor” and “independent contractor.” While these are accurate descriptions, the facts and the law of New York recognize it as a “disclosed *506 agent” of the international foreign corporation known as DaimlerChrysler Corp. All the sale documents including the title and warranty disclose Chrysler and the plaintiff as the contracting parties. The record is devoid of a scintilla of evidence which would indicate that Huntington Jeep contracted in any capacity for itself or that this was anything other than the usual new car sales transaction. New York law codifies the common law which maintains that disclosed agents are not liable for the contractual representations of their principals. (See Keskal v Modrakowski, 249 NY 406 [1928]; Slota v Lynnsu Enters., Inc., NYLJ, Dec. 18, 1998, at 35, col 5 [App Term, 2d Dept]; New York Times Co. v Glynn-Palmer Assoc., 138 Misc 2d 862 [Civ Ct, NY County 1988]; see also Voss v John Lowry, Inc., 252 NY 587 [1929]; Mencher v Weiss, 306 NY 1 [1953].)
15 USC § 2310
The plaintiff has also raised the consumer protections afforded him under the federal Magnuson-Moss Warranty Act. Section 2310 of USC title 15 prohibits deceptive warranties which would mislead a reasonable person. As Huntington Jeep is only the disclosed agent and not the actual “warrantor,” it likewise falls outside the liability imposed by 15 USC § 2310 which is limited to “written warranty” deceptive representations. As the written warranty was solely Chrysler’s, Huntington Jeep’s alleged culpability in not forwarding the new paperwork and not acknowledging the 100,000-mile warranty status need not be addressed. Only the actual written warrantor is covered by this statute. (See Annotation, Construction and Effect of Standard New Motor Vehicle Warranty, 99 ALR2d 1419, citing Hall v Everett Motors, Inc., 340 Mass 430, 165 NE2d 107 [1960]; Runco v Brockway Motor Co., 164 Pa Super 240, 63 A2d 397 [1949]; Simmons v Ruggles, 176 SW 152 [Tex Civ App 1915]; Ford v Willys-Overland, Inc., 197 NC 147, 147 SE 822 [1929].) The court is also not convinced that the plaintiff has fully born its burden of establishing the jurisdictional preconditions of 15 USC § 2310, which require exhaustion of arbitration remedies in state court and a minimum of $50,000 collective damages to invoke federal jurisdiction.
Jurisdictional Defense
The issue of agency is also determinative of Chrysler’s alleged jurisdictional defense. Huntington Jeep’s counsel has acknowledged Chrysler’s knowledge of the subject complaint and this trial and its deliberate election not to participate, even to the limited extent of obtaining a ruling upon a jurisdictional chai *507 lenge. Such a tactical posture appears risky, but is possibly explainable by the fact that this is a small claims proceeding.*
Obtaining personal jurisdiction in a small claims case is governed by UDCA 1803, which provides:
“§ 1803. Commencement of action upon small claim “(a) Small claims shall be commenced upon the payment by the claimant of a filing fee . . . without the service of a summons and . . . without the service of any pleading other than a statement of his cause of action by the claimant or someone in his behalf to the clerk, who shall reduce the same to a concise, written form and record it in a docket kept especially for such purpose. Such procedure shall provide for the sending of notice of such claim by ordinary first class mail and certified mail with return receipt requested to the party complained against at his residence, if he resides within a district of the court in the county, and his residence is known to the claimant, or at his office or place of regular employment . . . .”
Under UDCA 1803, it is the Clerk óf the Court who makes service upon the defendants. Alternative plaintiff-effected manners of service upon corporations pursuant to CPLR 311, such as service upon the Secretary of State, are not available to the small claims plaintiff as the Legislature has determined a preemptive manner of giving due process notice. (Peter v Massapequa Water Dist., 192 Misc 2d 738 [Nassau Dist Ct 2002].)
The small claims jurisdictional predicate is further explained in UDCA 1801 to provide that “the defendant [must] either reside [ ], or ha[ye] an office for the transaction of business or a regular employment, within a district of the court in the county.” As Chrysler is a corporation, the jurisdictional issue is whether it maintains an office for the transaction of business in the five western towns of Suffolk County. Huntington Jeep’s counsel has advised that Chrysler only has one office for the transaction of business located in upstate Tappan, New York.
In the instant case it cannot be colorably argued that Chrysler did not transact business with the plaintiff within the court’s jurisdiction. Chrysler sold plaintiff a Jeep at its Huntington dealership and contracted to warranty repairs. The *508 court has already determined that the business transaction was handled by its disclosed agent. It was this same agent who signed for and acknowledged receiving the court’s certified mail receipt on Chrysler’s behalf. This was the same person who signed for Huntington Jeep’s summons. Chrysler’s argument is that the business was conducted in its agent’s office and not a “Chrysler office.”
It is intellectually consistent to hold that the process service purpose of section 1803 is the same as the corporate process service provisions of CPLR 311, which is to give the corporation fair notice of suit. (See Fashion Page v Zurich Ins. Co., 50 NY2d 265 [1980] [a corporation may appoint an agent to accept service without observing the formalities of designating pursuant to the CPLR. Corporations may choose to have process delivered to employees of lesser rank who have a variety of titles]; see generally, Barrett v American Tel. & Tel. Co., 138 NY 491 [1893].) The Court of Appeals has determined that the trend has been to enlarge rather than diminish the list of those who may accept process on behalf of a corporation inclusive of secretaries/receptionists. (Fashion Page v Zurich Ins. Co., supra.) Applying this directive, similar sister courts with statutes identical to UDCA 1803 have determined that service of process should not be read in a narrow and technical manner, and that their jurisdiction is not defeated by irregularity in identifying the proper party for corporate service as long as the due process requirements of notice of suit is effected. (See Hampton v Annal Mgt. Co., 164 Misc 2d 287 [Civ Ct, Bronx County 1994].)
Huntington Jeep implicitly acknowledged its informally designated status as an agent for the service of process when it signed for Chrysler’s certified mail and then forwarded same to Chrysler, who acknowledges notice of suit. Absent an express protest and refusal of service, how can Chrysler equitably argue that Huntington Jeep is its agent to sell its cars and transact business but not its agent for maintaining an office for the purpose of having an address at which small claims process can be served. Such a holding is also consistent with the posture of Ratner v Hudson Tr. Lines, Inc. (234 NYS2d 311 [Civ Ct, Queens County 1962]), which upheld small claims mail service upon a corporate subsidiary which sold bus tickets in the Port Authority as an agent for a Maryland corporation. The court finds this holding logical, as to hold otherwise would mean that a multinational car company like DaimlerChrysler could transact business in every town in this state but not be subject to small *509 claims process if it closes its one New York office. Clearly, this could not be the New York State Legislature’s intent.
The court determines that it has jurisdiction over Chrysler, which is in default in appearing. The record establishes plaintiff’s damages in the out-of-pocket sum of $2,375 and directs the Clerk to enter judgment in said sum against defendant DaimlerChrysler Motors Company, plus statutory interest from October 26, 2004 and dismiss the complaint as against Huntington Jeep Chrysler, Inc.

 It is probably also the reason that Huntington Jeep chose to litigate the merits of the warranty misrepresentation as to Huntington Jeep rather than simply assert the aforementioned “bright line” agency defense.